UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) GARY D. CARLOW<br><br>(2) DALE R. BERNARD,<br>       DEfendants | CRIMINAL NO. 03-10333-JLT<br><br>VIOLATIONS:<br><br>21 U.S.C. § 846 –<br>Conspiracy To Distribute<br>And To Possess With<br>Intent To Distribute<br>Methamphetamine<br><br>21 U.S.C. § 841(a)(1) –<br>Distribution Of<br>Methamphetamine<br><br>21 U.S.C. § 841(a)(1) –<br>Possession Of<br>Metamphetamine With<br>Intent To Distribute<br><br>21 U.S.C. § 844(a) –<br>Possession Of Gamma-<br>Hydroxybutyrate ("GHB")<br><br>21 U.S.C. § 853 –<br>Forfeiture Allegation |

### SUPERSEDING INDICTMENT

**Count One:**   (21 U.S.C. § 846 – Conspiracy To Distribute And To
                 Possess With Intent To Distribute
                 Methamphetamine).

The Grand Jury charges that:

    Beginning at a time unknown to the Grand Jury, but at least by in or about May 2003 and continuing thereafter to on or about October 9, 2003, at Boston, Malden, Provincetown, and elsewhere in the District of Massachusetts,

      **(1) Gary D. Carlow and**

      **(2) Dale R. Bernard**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with other persons, known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

    The Grand Jury further charges that the conspiracy involved 50 grams or more of methamphetamine. Accordingly, 21 U.S.C. § 841(b)(1)(A)(viii) is applicable to this count.

    All in violation of Title 21, United States Code, Section 846.

**Count Two:**     **(21 U.S.C. § 841(a)(1) - Distribution Of Methamphetamine).**

The Grand Jury further charges that:

On or about July 30, 2003, at Boston, in the District of Massachusetts,

**(1) Gary D. Carlow**

defendant herein, did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**Count Three:** (21 U.S.C. § 841(a)(1) - **Distribution Of Methamphetamine**).

The Grand Jury further charges that:

On or about August 6, 2003, at Boston, in the District of Massachusetts,

**(1) Gary D. Carlow**

defendant herein, did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**Count Four:**      **(21 U.S.C. § 841(a)(1) - Distribution Of Methamphetamine).**

The Grand Jury further charges that:

On or about August 14, 2003, at Boston, in the District of Massachusetts,

**(1) Gary D. Carlow**

defendant herein, did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**Count Five:** **(21 U.S.C. § 841(a)(1) -- Distribution Of Methamphetamine).**

The Grand Jury further charges that:

On or about August 27, 2003, at Provincetown, in the District of Massachusetts,

**(1) Gary D. Carlow**

defendant herein, did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance.

The Grand Jury further charges that the offense involved 5 grams or more of methamphetamine. Accordingly, 21 U.S.C. § 841(b)(1)(B)(viii) is applicable to this count.

All in violation of Title 21, United States Code, Section 841(a)(1).

**Count Six:**      (21 U.S.C. § 841(a)(1) - **Distribution Of Methamphetamine**).

The Grand Jury further charges that:

On or about September 10, 2003, at Boston, in the District of Massachusetts,

**(1) Gary D. Carlow**

defendant herein, did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance.

The Grand Jury further charges that the offense involved 5 grams or more of methamphetamine. Accordingly, 21 U.S.C. § 841(b)(1)(B)(viii) is applicable to this count.

All in violation of Title 21, United States Code, Section 841(a)(1).

**Count Seven:**   (21 U.S.C. § 841(a)(1) - **Possession Of Methamphetamine With Intent To Distribute**).

The Grand Jury further charges that:

On or about October 9, 2003, at Boston, in the District of Massachusetts,

**(1) Gary D. Carlow**

defendant herein, did knowingly and intentionally possess methamphetamine, a Schedule II controlled substance, with intent to distribute.

All in violation of Title 21, United States Code, Section 841(a)(1).

**Count Eight:      (21 U.S.C. § 844(a) - Possession Of
                    Gamma-Hydroxybutyrate ("GHB")).**

The Grand Jury further charges that:

On or about October 9, 2003, at Boston, in the District of Massachusetts,

**(1) Gary D. Carlow**

defendant herein, did knowingly and intentionally possess gamma-hydroxybutyrate, commonly referred to as "GHB," a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 844(a).

**Count Nine:**     **(21 U.S.C. § 841(a)(1) - Distribution Of Methamphetamine).**

The Grand Jury further charges that:

On or about January 2, 2004, at Malden, in the District of Massachusetts,

**(2) Dale R. Bernard**

defendant herein, did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance.

The Grand Jury further charges that the offense involved 5 grams or more of methamphetamine. Accordingly, 21 U.S.C. § 841(b)(1)(B)(viii) is applicable to this count.

All in violation of Title 21, United States Code, Section 841(a)(1).

**Count Ten:**     **(21 U.S.C. § 841(a)(1) - Distribution Of Methamphetamine).**

The Grand Jury further charges that:

On or about January 19, 2004, at Medford, in the District of Massachusetts,

**(2) Dale R. Bernard**

defendant herein, did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance.

The Grand Jury further charges that the offense involved 5 grams or more of methamphetamine. Accordingly, 21 U.S.C. § 841(b)(1)(B)(viii) is applicable to this count.

All in violation of Title 21, United States Code, Section 841(a)(1).

**Count Eleven:    (21 U.S.C. § 841(a)(1) - Distribution Of
                   Methamphetamine).**

The Grand Jury further charges that:

On or about January 26, 2004, at Malden, in the District of Massachusetts,

**(2) Dale R. Bernard**

defendant herein, did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**Count Twelve:    (21 U.S.C. § 841(a)(1) - Distribution Of
                    Methamphetamine).**

The Grand Jury further charges that:

On or about January 30, 2004, at Malden, in the District of Massachusetts,

**(2) Dale R. Bernard**

defendant herein, did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance.

The Grand Jury further charges that the offense involved 5 grams or more of methamphetamine. Accordingly, 21 U.S.C. § 841(b)(1)(B)(viii) is applicable to this count.

All in violation of Title 21, United States Code, Section 841(a)(1).

**Count Thirteen:**       **(21 U.S.C. § 841(a)(1) - Distribution Of Methamphetamine).**

The Grand Jury further charges that:

On or about February 12, 2004, at Malden, in the District of Massachusetts,

**(2) Dale R. Bernard**

defendant herein, did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**Count Fourteen:**         **(21 U.S.C. § 841(a)(1) - Distribution Of Methamphetamine).**

The Grand Jury further charges that:

On or about February 24, 2004, at Medford, in the District of Massachusetts,

**(2) Dale R. Bernard**

defendant herein, did knowingly and intentionally distribute methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further charges that:

1.  As a result of the offenses alleged in Counts One through Fourteen of this Indictment, the defendants,

**(1) Gary D. Carlow and**

**(2) Dale R. Bernard**

shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

2.  If any of the property described in paragraph 1 above, as a result of any act or omission of the defendant,

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL

*[signature]*
FOREPERSON OF THE GRAND JURY

*[signature]*
MICHAEL J. PELGRO
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS:   March 24, 2004.

Returned into the District Court by the Grand Jurors and filed.

*[signature]*
DEPUTY CLERK
3/24/04 @ 12:35pm