

*U.S. Department of Justice*

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*        *United States Courthouse, Suite 9200*
                                        *1 Courthouse Way*
                                        *Boston, Massachusetts  02210*

August 23, 2004

R. Bradford Bailey, Esquire
Denner & Associates
4 Longfellow Place, 35th Floor
Boston, MA 02114

    Re:   United States v. Dale R. Bernard
           Criminal No. 03-10333-JLT

Dear Mr. Bailey:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    Rule 16 Materials

1.    Statements of Defendant under Rule 16 (a)(1)(A)

    a.    Written Statements

    There are no relevant written statements of the defendant in the possession, custody, or control of the government, which are known to the attorney for the government.

    b.    Recorded Statements

    Consensual tape recordings were made of telephone conversations and personal meetings involving the defendant. These recordings are available for your review here at the U.S. Attorney's Office and copies will be made available for purchase by defense counsel at a private duplicating service.

     c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant did not testify before a grand jury in relation to this case.

     d.    <u>Oral Statements to Then Known Government Agents</u>

The government is aware of oral statements made by the defendant on June 2, 2004, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial. Those statements are summarized in the DEA-6 report of Special Agent Michael Cashman that is enclosed with this letter.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

The government is unaware at this time of any prior criminal record of the defendant.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody, or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

The government has enclosed with this letter copies of DEA-7 reports of a DEA forensic chemist concerning analyses of the controlled substances purchased from the defendant.

There presently are no other reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.    <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

A search warrant was executed at 36 Gale Street in Malden on June 2, 2004. Copies of the search warrant, application, affidavit, and return are enclosed with this letter.

C.   <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

   No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

   Written descriptions of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire and oral communications, relating to the charges contained in the indictment, made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief are contained in the DEA-6 and DEA-7A reports that are enclosed with this letter.

   The conversations on these tape recordings are in English.

E.   <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

   Pursuant to Local Rule 116.6, the government declines to disclose at this time the names of known unindicted coconspirators as to the conspiracy charged in Count One on the ground that it would be detrimental to the interests of justice to make the disclosure at this time.

F.   <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

   The government is no aware at this time whether the defendant was a subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a display of an image of the defendant. As soon as the government becomes aware that such a procedure was used, the government will promptly supplement this letter.

G.   <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

   With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

   1.   The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

3

2.  The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.  The following promises, rewards, or inducements have been given to a witness whom the government anticipates calling in its case-in-chief.  The cooperating witness ("CW") identified in the enclosed reports was a defendant charged in the Middlesex Superior Court with trafficking in cocaine, possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, commission of a drug crime within a school zone, and possession of oxycodone, diazepam, and tramedol.  The CW's cooperation with the DEA and with the Cambridge Police Department were made known to the state prosecutors and to the state court judge who sentenced the CW.  Pursuant to Local Rule 116.6, the government declines at this time to disclose the identity of the CW on the ground that disclosure at this time would be detrimental to the interests of justice.

4.  The government is aware that, in addition to what is set forth above, the CW has the following prior criminal record: In June 1990, the CW was convicted in the Suffolk Superior Court of trafficking in cocaine and was sentenced to 5 years' imprisonment; a companion charge of possession of a Class B controlled substance with intent to distribute was placed on file; this case was originally charged in November 1989 in the Brighton District Court.  In August 1989, charges of possession of a Class B controlled substance with intent to distribute and conspiracy to violate the Controlled Substances Act were dismissed in the Suffolk Superior Court; this case was originally charged in January 1988 in the Charlestown District Court.  In February 1990, the CW was convicted in the Woburn District Court of breaking and entering in the daytime and larceny over and was placed on probation for six months.  In October 1988, the CW was convicted in the Cambridge District Court of possession of a Class B controlled substance and was sentenced to six months in the House of Correction, suspended for six months.  In August 1988, the CW was found not guilty in the Charlestown District Court of possession of a Class B controlled substance and conspiracy to violate the Controlled Substances Act.

5.  The government is unaware that any of its witnesses have any criminal cases pending.

6.  No percipient witnesses failed to make a positive identification of the defendant with respect to the crimes at issue.

H.   Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

In order to assist you in your preparation of this case, the government is agreeing to the early release of Jencks Act materials, consisting of the enclosed DEA and Cambridge Police Department narrative reports. An index of these reports is also enclosed with this letter.

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The times, dates, and places at which the alleged offenses were committed are set forth in the DEA-6 reports enclosed with this letter and in the affidavit filed in support of the search warrant in this case.

Please feel free to contact me if you have any questions about this case or if you need any further discovery materials.

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney

By:
        /s/Michael J. Pelgro
        Michael J. Pelgro
        Assistant U.S. Attorney


Enclosures

cc:   Thomas Quinn
     Clerk to the Honorable Judith Gail Dein
     (w/o enclosures)