UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 03-10086-MEL |
| v. ) | |
| ) | |
| DALE R. BERNARD, ) | |
|     Defendant ) | |
| ) | |

**Parties' Joint Memorandum Concerning
Final Status Conference**

    The United States of America, by Michael J. Sullivan, United States Attorney, and Michael J. Pelgro, Assistant U.S. Attorney, and defendant Dale R. Bernard, by his attorney, hereby file this joint memorandum concerning the final status conference in the above-captioned action.  The parties state the following as to the issues set forth in Local Rule 116.5(C):

    1.   There are no outstanding discovery issues not yet presented or resolved by the Court other than as set forth herein.

    2.   At this time, the government does not anticipate providing additional discovery as a result of its future receipt of information, documents, or reports of examinations or tests.  On or about August 23, 2004, the government requested that the defendant provide reciprocal discovery in accordance with Fed. R. Crim. P. 16 and Local Rule 116.1.  To date, the defendant has not furnished reciprocal discovery.

    3.   The defendant does not intend to raise a defense of insanity or public authority.

4. On or about August 23, 2004, the government requested that the defendant provide a notice of alibi. To date, the defendant has not provided a notice of alibi. The defendant has represented that he will not be relying on an alibi defense.

5. The defendant reserves the right to file a motion to sever, dismiss, or suppress and requests that the Court set a date on which to file such motions.

6. The parties do not believe that a schedule needs to be set for anything other than the filing of pretrial motions, if any, and a trial.

7. The parties have discussed the possibility of an early resolution of the case without trial and believe that the defendant is likely to plead guilty. The government is in the process of preparing a written plea agreement.

8. The parties agree that the following periods of time are excludable under the Speedy Trial Act:

- 6/3/04-6/28/04 Government's motion to detain defendant;
- 6/8/04-7/6/04    Excluded by the Court pursuant to the Local Rules (Docket Entry #44);
- 5/13/04-7/21/04  Government's sealed motion as to defendant Gary Carlow (Docket Entry #39);
- 7/18/04-7/19/04  Government's assented-to motion to continue initial status conference (Docket Entry #47);
- 7/20/04-8/24/04  Excluded by the Court (Docket Entry #48);

- 8/24/04-9/24/04        Excluded by the Court (Docket Entry #51);

- 9/24/04-11/9/04        Excluded by the Court (Docket Entry #53); and

- 11/9/04-11/23/04       Excluded by the Court (Docket Entry #56).

Based on the foregoing, the parties agree that there are zero non-excludable days under the Speedy Trial Act and that this case must be tried within 70 days of the last period of excludable delay.

9.   If this case actually goes to trial, the government estimates that the trial will take approximately one week or five trial days.

                                        Respectfully submitted,

| | |
|---|---|
| DALE R. BERNARD | MICHAEL J. SULLIVAN |
| By his attorney, | United States Attorney |
| /s/R. Bradford Bailey   By: | /s/Michael J. Pelgro |
| R. Bradford Bailey | Michael J. Pelgro |
| Denner Sayeg, LLP | Assistant U.S. Attorney |

DATED:    November 22, 2004.