UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )   Crim. No. 03-10333-JLT
v.                                  )
                                    )
DALE BERNARD                        )
_____)

**GOVERNMENT'S OPPOSITION TO**
**MOTION TO EXTEND REPORTING DATE**

The government opposes defendant's motion to extend reporting date. The motion is inappropriate and unfounded, and it should be denied.

**ARGUMENT**

**1.   The Statute Compels Defendant's Detention.**

Under the clear requirements of 18 U.S.C. § 3143(a)(2), as amended by the Mandatory Detention for Offenders Convicted of Serious Crimes Act, Pub.L. No. 101-647, Title IX, §§ 901, 902, Nov. 29, 1990, 104 Stat. 4826, it was mandatory that Defendant Bernard be taken into custody on the day of sentencing and begin serving his sentence immediately.

In an act of generosity and mercy not sanctioned by statute, the Court permitted (over the government's mild objection) the Defendant to self-report on May 15, 2006. Defendant now seeks to abuse the Court's generosity by seeking an additional one month stay of his sentence. The Defendant's motion should be denied. Release of this defendant to this date is already in violation of the clear requirements of the law. No extension of this violation is warranted.

**2.    Defendant's Stated Grounds Are Outrageous.**

Defendant's grounds for said motion involve Defendant's speculation as to the actions of the Bureau of Prisons regarding Defendant's classification and transportation. Defendant speculates that he might not be classified till June and that he might suffer the "hardship of waiting in a holding cell in Oklahoma" if he reports as directed by this Court. Defendant's opinion as to where and how Defendant is likely to be housed or transported is irrelevant, and this Court is without jurisdiction to consider these claims.

Decisions as to how and when to transport and house a federal prison are within the unique purview of the Executive Branch of the federal government. The Bureau of Prisons (BOP) is statutorily empowered to determine where Defendant shall serve his sentence, and has the statutory power and discretion to hold him wherever it deems appropriate pending that decision. 18 U.S.C. § 3621(b). As explained by the First Circuit in Goldings v. Winn, 383 F.3d 17 (1st. Cir. 2004),

> Under § 3621(b), the BOP has discretionary authority to designate **any** available penal or correctional facility that meets minimum standards of health and habitability as the place of a prisoner's imprisonment, and to transfer a prisoner **at any time** to such a facility.

Id. at 28. Defendant has **no** basis for a claim under this statute that BOP may not classify him by the date that the Court – in its mercy – ordered him to report. Any decision on that basis would be an invasion into the unique discretion of BOP to determine how best to house the persons committed to its care. Defendant's motion on this ground must be rejected.

Defendant further claims that he needs additional time to "place his personal affairs in order" prior to beginning an 87 month sentence. This is without merit.

Defendant executed a plea agreement more than a year ago – in February 2005 – in which he agreed not to appeal a sentence of "87-108 months" or less. Therefore, Defendant was clearly aware for over a year prior to sentencing of the proposed sentencing range for his case. Defendant's sentencing was scheduled and delayed repeatedly from September 2005 until April 2006. The statute mandates that defendant be taken into custody at the time of his sentencing. Although the Defendant had already had more than a year to "put his affairs in order" from the date of his plea agreement, the Court gave Defendant an additional 19 days of freedom to complete the process and prepare himself for reporting. Defendant's request for further time is in direct conflict with the statute and should be denied.

### 3. Defendant Violated Local Rule 7.1

Under Local Rule 7.1(a), counsel are required to confer prior to filing a motion. Defendant failed to do so. The motion should be denied on these grounds.

Dated: May 9, 2006                          Respectfully submitted,

                                            MICHAEL J. SULLIVAN
                                            United States Attorney

                                    By:     /s/ Nancy Rue
                                            Nancy Rue
                                            Assistant U.S. Attorney
                                            U. S. Attorney's Office
                                            9200 J. Jos. Moakley U.S. Courthouse
                                            1 Courthouse Way, Suite 9200
                                            Boston, MA  02210
                                            (617) 748-3260

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        /s/ Nancy Rue
        Nancy Rue
        Assistant United States Attorney

Date:   May 9, 2006